IN
THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                             NO.
WR-63,549-01



 

 

                                                EX
PARTE PATRICK MURPHY

 

                                                                              



                  ON APPLICATION
FOR WRIT OF HABEAS CORPUS IN CAUSE

                    NO.
W01-00328-T IN THE 283RD JUDICIAL DISTRICT COURT

                                                             DALLAS
COUNTY



 

 

Per
Curiam.   Johnson, J., would dissent.

 

 

                                                                     O
R D E R

 

This is an untimely application for
writ of habeas corpus filed pursuant to the provisions of Texas Code of
Criminal Procedure Article 11.071.[1]








On November 20, 2003, the trial court
appointed Allan Fishburn to represent applicant in a post-conviction writ of
habeas corpus under Article 11.071.  On
March 28, 2005, the State filed in this Court its brief on applicant=s direct appeal.  Pursuant to Article 11.071, ' 4(a), counsel should have filed
applicant=s application for writ of habeas
corpus in the convicting court no later than May 12, 2005.[2]  On August 3, 2005, the convicting court
received a motion from counsel requesting a 90-day extension for filing
applicant=s application.  In the motion, applicant=s counsel explained that applicant
was the sixth of six co-defendants to be tried and that counsel needed time to
review all of the co-defendants= cases as well as his client=s. 
The trial court, without authority, granted counsel=s motion and extended the filing
deadline to September 23, 2005.  On
September 20, counsel filed a AWrit of Habeas Corpus Pursuant to 11.071@ on applicant=s behalf. 

Because applicant=s motion for extension of time was
filed well after it was statutorily permitted and because no application was
filed on or before the initial due date of May 12, 2005, we find that the
application filed on September 20, 2005, was untimely.  See Art. 11.071, ' 4(c).  However, pursuant to Article 11.071, ' 4A(b)(2), and counsel=s showing of good cause in his motion
for extension, we will allow Fishburn to continue representing applicant and
hold applicant=s application to be timely filed as
of September 20, 2005.  The trial court
is ordered to proceed with its review of the application.  The timelines set out in Article 11.071, '' 7-9, shall start to run as of the
day this order is issued.








IT IS SO ORDERED THIS THE 14th DAY OF
December, 2005.

 

Do Not Publish











[1]  Unless otherwise indicated all references to
Articles refer to the Code of Criminal Procedure.





[2]  Under Article 11.071, '
4(d), the convicting court should have sent a statement to this Court within
ten days of this initial deadline notifying the Court that no application had
been timely filed.